**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000034
21-MAY-2021
08:15 AM
Dkt. 162 SO**

NO. CAAP-19-0000034

IN THE INTERMEDIATE COURT OF APPEALS

STATE OF HAWAIʻI


LUKE J. WARNER, Petitioner-Appellant, v.
STATE OF HAWAIʻI, Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1PR-18-1-000004)


SUMMARY DISPOSITION ORDER
(By:  Ginoza, C.J., and Hiraoka and Wadsworth, JJ.)

Self-represented Petitioner-Appellant Luke Warner
(**Warner**) appeals from the Findings of Fact, Conclusions of Law,
and Order Denying Petition for Post-Conviction Relief (**Order
Denying Rule 40 Petition**), entered on February 1, 2019, in the
Circuit Court of the First Circuit (**circuit court**).[1/]  For the
reasons explained below, we affirm.

## I. Background

On June 17, 2016, pursuant to a plea agreement with
Respondent-Appellee State of Hawaiʻi (**State**), Warner pleaded
guilty to and was convicted of:  four counts of attempted theft
in the second degree, in violation of Hawaii Revised Statutes
(**HRS**) § 705-500 (1993) and HRS § 708-831(1)(b) (Supp. 2012);
three counts of methamphetamine trafficking in the first degree,
in violation of HRS § 712-1240.7 (Supp. 2012); one count of
attempted theft in the first degree, in violation of HRS
§ 705-500 and HRS § 708-830.5(1)(b) (Supp. 2012); one count of

---

[1/]    The Honorable Karen T. Nakasone presided.

attempted ownership or possession prohibited of any firearm or ammunition by a person convicted of certain crimes, in violation of HRS § 705-500 and HRS § 134-7(b) and (h) (2011); one count of attempted place to keep pistol or revolver, in violation of HRS § 705-500 and HRS § 134-25 (2011); one count of promoting a harmful drug in the third degree, in violation of HRS § 712-1246(1) (1993); one count of promoting a dangerous drug in the third degree, in violation of HRS § 712-1243 (Supp. 2012); one count of unlawful use of drug paraphernalia, in violation of HRS § 329-43.5(a) (2010); and one count of attempted theft in the third degree, in violation of HRS § 705-500 and HRS § 708-832(1)(a) (Supp. 2012).[2/] Warner was sentenced to multiple concurrent prison terms, the longest of which was ten years. Warner did not appeal from the June 17, 2016 Judgment of Conviction and Sentence (**Judgment**).

On February 5, 2018, Warner filed a "Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody" (**Petition**), pursuant to Hawaiʻi Rules of Penal Procedure (**HRPP**) Rule 40. The Petition challenged the Judgment on the following grounds: (1) the use of evidence obtained pursuant to an unconstitutional search and seizure (**Ground One**); (2) the use of evidence obtained pursuant to an unlawful arrest (**Ground Two**); (3) the prosecution's failure to disclose evidence favorable to Warner (**Ground Three**); (4) ineffective assistance of trial counsel (**Ground Four**); (5) prosecutorial misconduct (**Ground Five**); (6) "[m]edical and [p]sych decompensation" (**Ground Six**); (7) discrimination and "reverse racism" (**Ground Seven**); and (8) "[a]ccumulative errors" (**Ground Eight**).

The Petition was denied without a hearing pursuant to the Order Denying Rule 40 Petition.

## II. Discussion

On appeal, Warner does not identify any points of error and his arguments are difficult to discern. He appears to challenge the conviction entered against him by the circuit court

---

[2/]     The Honorable Karen S.S. Ahn presided.

in the underlying criminal case, No. 1PC121001161 (**Criminal Case**), contending that: (1) three grand jury witnesses lied in connection with Warner's indictment; and (2) Warner's various trial counsel engaged in a variety of misconduct, leaving Warner with "no other viable option," but to plead guilty. Warner also seeks the following relief: (1) to "suspend Hawaii Judges Georgia McMillen, Alvin Nishimura, J. Leonard, and Keith Hiraoka, for engaging [Warner's] representations [sic] and/or for abusing their discretion to deny [Warner] effective counsel"; (2) to "vacate the convictions" in the Criminal Case as well as prior criminal cases and "bar the State . . . from initiating any further prosecutions"; and (3) alternatively, to remand all of his criminal cases for disposition in a different venue on the mainland.[3]

Initially, we construe Warner's request to "suspend Hawaii Judges . . . J. Leonard, and Keith Hiraoka . . . for abusing their discretion to deny [Warner] effective counsel," as a non-conforming motion for reconsideration of this court's September 13, 2019 and November 15, 2019 orders, which, among other things, denied Warner's requests for appointment of counsel on appeal. As such, the motion for reconsideration, which is part of Warner's opening brief filed on December 23, 2019, is untimely under Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 40(a). Furthermore, the court did not overlook or misapprehend any points of law or fact in entering the challenged orders. See HRAP Rule 40(b). The motion for reconsideration is therefore denied.

We construe Warner's request to "vacate the conviction[]" in the Criminal Case and "bar the State . . . from initiating any further prosecutions," or alternatively, to remand the Criminal Case for disposition in a different venue on the

---

[3] We note that in the Petition, Warner stated that he "does NOT seek a vacated judgement of conviction for a new trial," in part because "the ten years was not a bad deal" and "[i]t would not be fair to subject [him] to di[re] consequences again to put [him] in a worse situation." Rather, Warner asked the court "to please end [his] sentence, and waive all of the fines and fees that were imposed at sentencing," and "to please give [Warner] a redress of his grievances . . . . [and] to evaluate [Warner's] civil injustices, medical decompensation, and material and financial losses, and make compensatory judgements for [Warner]."

mainland as a challenge to the Order Denying Rule 40 Petition without a hearing.

We review a circuit court's denial of a HRPP Rule 40 petition without a hearing *de novo*, under the right/wrong standard.  See Dan v. State, 76 Hawaiʻi 423, 427, 879 P.2d 528, 532 (1994).

> As a general rule, a hearing should be held on a Rule 40 petition for post-conviction relief where the petition states a colorable claim. To establish a colorable claim, the allegations of the petition must show that if taken as true the facts alleged would change the verdict, however, a petitioner's conclusions need not be regarded as true. Where examination of the record of the trial court proceedings indicates that the petitioner's allegations show no colorable claim, it is not error to deny the petition without a hearing. The question on appeal of a denial of a Rule 40 petition without a hearing is whether the trial record indicates that Petitioner's application for relief made such a showing of a colorable claim as to require a hearing before the lower court.

Id. (quoting State v. Allen, 7 Haw. App. 89, 92-93, 744 P.2d 789, 792-93 (1987)).

The only discernible arguments stated in Warner's opening and supplemental briefs relating to his Petition are that:  (1) three grand jury witnesses lied in connection with Warner's indictment; and (2) Warner's various trial counsel (a) failed to disclose conflicts of interest arising from counsel's representation of other clients, (b) "repeatedly refused [Warner's] numerous instructions to compel and challenge the inconsistencies" in discovery obtained from the State, and (c) failed to raise the "best possible defenses[,]" leaving Warner with "no other viable option," but to plead guilty.  Warner's first argument — that three grand jury witnesses lied — appears to relate in part to the allegations made in Grounds One, Two, and Three of the Petition.[4/]  Warner's second argument — that his trial counsel engaged in various acts of misconduct — appears to

---

[4/]    For example, Warner argues on appeal that "HPD Detective Sergeant Michael Ogawa deceived the grand jury about the search warrant(s) by omitting the facts that he produced a search warrant with the wrong address for [Warner's] residence . . . ."  Grounds One and Three of the Petition similarly include allegations related to a search warrant "with the wrong address."  In addition, Warner argues on appeal that "HPD undercover officer Jennifer Bugarin . . . lied to the grand jury" about her first meeting with Warner. Grounds Two and Three of the Petition similarly include allegations related to Warner's meetings with Officer Bugarin.

4

relate to the allegations made in Ground Four of the Petition.[5]

HRPP Rule 40(a)(3) provides, in relevant part:

> Rule 40 proceedings shall not be available and relief thereunder shall not be granted where the issues sought to be raised have been previously ruled upon or were waived. Except for a claim of illegal sentence, an issue is waived if the petitioner knowingly and understandingly failed to raise it and it could have been raised before the trial, at the trial, on appeal, in a habeas corpus proceeding or any other proceeding actually conducted, or in a prior proceeding actually initiated under this rule, and the petitioner is unable to prove the existence of extraordinary circumstances to justify the petitioner's failure to raise the issue. There is a rebuttable presumption that a failure to appeal a ruling or to raise an issue is a knowing and understanding failure.

Warner's arguments that the State used evidence obtained pursuant to an unconstitutional search and seizure, used evidence obtained pursuant to an unlawful arrest, and failed to disclose evidence favorable to Warner, *i.e.*, Grounds One, Two and Three of the Petition, could have been raised before his change of plea or, absent his guilty plea, in a direct appeal from the Judgment. Similarly, Warner's argument that grand jury witnesses lied in connection with his indictment could have been raised before his change of plea or, absent his guilty plea, in a direct appeal. However, none of these issues was raised in the Criminal Case and Warner did not appeal from the Judgment.

Indeed, Warner's guilty plea, if validly entered, precluded him from raising these nonjurisdictional issues in an appeal. See State v. Morin, 71 Haw. 159, 162, 785 P.2d 1316, 1318 (1990) ("Generally, a guilty plea made voluntarily and intelligently precludes a defendant from later asserting any nonjurisdictional claims, including constitutional challenges to the pretrial proceedings." (citing Brady v. United States, 397 U.S. 742 (1970))); State v. Hernandez, 143 Hawaiʻi 501, 508, 431 P.3d 1274, 1281 (2018) ("Pretrial nonjurisdictional defects — such as unlawfully obtained evidence and illegal detention by law enforcement — are pretrial errors that do not deprive a trial court of its legal authority to hear and decide a case, and

---

[5] Warner's opening and supplemental briefs present no discernible argument regarding Grounds Five through Eight of the Petition. Any related points of error, which Warner does not identify, are therefore deemed waived. See HRAP Rule 28(b)(4), (7).

challenges to such errors generally will not survive a validly entered plea of guilty or nolo contendere.")

To the extent that the Petition can be construed to challenge Warner's guilty plea as not knowingly and intelligently made, we conclude based on our review of the record that Warner has not stated a colorable claim. Warner's signed guilty plea stated in part:

> 2. I have received a written copy of the original charge(s) in this case. The charge(s) has/have been explained to me. I understand the original charge(s) against me. I told my lawyer all of the facts I know about the case. My lawyer explained the government's evidence against me, my possible defense(s), and the facts which the government must prove in order to convict me.
>
> . . . .
>
> 7. I plead guilty because, after discussing all the evidence and receiving advice on the law from my lawyer, I believe that I am guilty. . . . .
>
> . . . .
>
> 11. I am signing this Guilty/No Contest Plea form after I have gone over all of it with my lawyer. . . . I have no complaints about my lawyer and I am satisfied with what he/she has done for me.

(Some alteration to format.) Warner's guilty plea also stated that the circuit court agreed to follow the attached plea agreement, which set out, among other things, the maximum term of imprisonment for each count (the longest of which was ten years), and represented that "[t]he State shall . . . [n]ot seek extended or consecutive sentencing[.]" The guilty plea further stated: "I plead of my own free will. No one is pressuring me or threatening me or any other person to force me to plead."

Moreover, the circuit court accepted Warner's guilty plea only after a thorough colloquy with Warner to establish that he voluntarily, knowingly, and intelligently relinquished his rights to a trial and to appeal prior occurring matters. Warner received what he bargained for in entering into the plea agreement: the opportunity to serve concurrent prison terms, the longest of which was ten years, rather than risk a sentence that imposed consecutive terms on multiple counts. In sentencing Warner, the circuit court indicated that in the absence of the

6

plea agreement, the court "would strongly consider giving [Warner] consecutive terms." Warner clearly understood the consequences of the plea agreement, as reflected in his statement in the Petition that he "does NOT seek a vacated judgement of conviction for a new trial," in part because "the ten years was not a bad deal" and "[i]t would not be fair to subject [him] to di[re] consequences again to put [him] in a worse situation."

On this record, we conclude that Warner waived the issues raised in Grounds One, Two, and Three of the Petition, including his argument that grand jury witnesses lied in connection with his indictment. Warner has not proved the existence of extraordinary circumstances to justify his previous failure to raise these issues. See HRPP Rule 40(a)(3). Thus, Warner has presented no basis for this court to find that he raised a colorable claim in the Petition related to these issues. See Dan, 76 Hawaiʻi at 427, 879 P.2d at 532.

A similar analysis applies to Warner's argument that his trial counsel engaged in various acts of misconduct, resulting in ineffective assistance of trial counsel and leaving Warner with "no other viable option" but to plead guilty. Warner did not raise these issues in the Criminal Case, and his guilty plea, which the record shows was made voluntarily and intelligently (see supra), precluded him from raising these issues in an appeal. Warner also has not proved the existence of extraordinary circumstances to justify his failure to previously raise these issues. Accordingly, on this record, we conclude that Warner waived the issues raised in Ground Four of the Petition, including his argument that his trial counsel engaged in misconduct. See HRPP Rule 40(a)(3).

Even if Warner had not waived the issues raised in Ground Four, he still did not state a colorable claim. "To demonstrate that trial counsel is constitutionally ineffective, a defendant must demonstrate '1) that there were specific errors or omissions reflecting counsel's lack of skill, judgment, or diligence; and 2) that such errors or omissions resulted in either the withdrawal or substantial impairment of a potentially meritorious defense.'" Grindling v. State, 144 Hawaiʻi 444, 451,

445 P.3d 25, 32 (2019) (quoting <u>State v. Silva</u>, 75 Hawaiʻi 419, 440, 864 P.2d 583, 593 (1993)); <u>see</u> <u>Dan</u>, 76 Hawaiʻi at 427, 879 P.2d at 532 ("The burden of establishing ineffective assistance rests with the petitioner and can only be met by demonstrating specific errors or omissions resulted in the withdrawal or substantial impairment of a meritorious defense." (citing <u>State v. Smith</u>, 68 Haw. 304, 309, 712 P.2d 496, 500 (1986))).  Here, Warner did not assert specific errors or omissions of his trial counsel that resulted in the withdrawal or substantial impairment of a ***potentially meritorious defense***.  Thus, Warner has presented no basis for this court to find that he raised a colorable claim for ineffective assistance of counsel.

Because Warner failed to establish a colorable claim for relief, the circuit court did not err in denying the Petition without a hearing.

For the reasons discussed above, the Findings of Fact, Conclusions of Law, and Order Denying Petition for Post-Conviction Relief, entered on February 1, 2019, in the Circuit Court of the First Circuit, is affirmed.

DATED:  Honolulu, Hawaiʻi, May 21, 2021.

On the briefs:

Luke J. Warner,
Self-represented Petitioner-            /s/ Lisa M. Ginoza
Appellant.                              Chief Judge

Stephen K. Tsushima,
Deputy Prosecuting Attorney,            /s/ Keith K. Hiraoka
City & County of Honolulu,              Associate Judge
for Respondent-Appellee.

                                        /s/ Clyde J. Wadsworth
                                        Associate Judge