**Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000655
07-DEC-2023
01:32 PM
Dkt. 42 SO**

NO. CAAP-21-0000655

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

CRANDALL PENAFLOR, Petitioner-Appellant, v.
STATE OF HAWAIʻI, Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO. 2CPN-21-0000002)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, and Wadsworth and McCullen, JJ.)

On February 3, 2021, self-represented Petitioner-Appellant Crandall Penaflor (**Penaflor**) filed a Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner From Custody (**2021 Petition**), pursuant to Hawaiʻi Rules of Penal Procedure (**HRPP**) Rule 40. The Circuit Court of the Second Circuit denied the 2021 Petition without a hearing.

Penaflor appeals from the Circuit Court's Findings of Fact, Conclusions of Law, and Order Denying [2021 Petition] (**Order Denying 2021 Petition**), entered on October 21, 2021, and the Final Judgment (**Judgment**), entered on November 1, 2021.[1] For the reasons explained below, we affirm.

## I. Background

In 1991, Penaflor was convicted of one count of Burglary in the First Degree, in violation of Hawaii Revised Statutes (**HRS**) § 708-810(1)(c) (1985) (Count One); two counts of

---

[1] The Honorable Peter T. Cahill presided.

Terroristic Threatening in the First Degree, in violation of HRS § 707-716(1)(d) (Supp. 1989) (Counts Two and Three); one count of Kidnapping, in violation of HRS § 707-720(1)(d) (Supp. 1986) (Count Four); and two counts of Sexual Assault in the First Degree, in violation of HRS § 707-730(1)(a) (Supp. 1987) (Counts Six and Seven) (**1991 Judgment**).[2/]  See State v. Penaflor (Penaflor I), No. 15629 (Haw. Aug. 26, 1992) (mem. op.) at 1-2 (available in State v. Penaflor, No. 2PC900000146, Judiciary Information Management System dkt. 49).  The Circuit Court sentenced Penaflor to consecutive terms of imprisonment totaling 70 years, as follows:  twenty years each for Counts Six and Seven, ten years each for Counts One and Four, and five years each for Counts Two and Three.  See id. at 1, 3.

Since 1991, Penaflor has filed a direct appeal of his convictions (**1991 Direct Appeal**) and several post-conviction challenges.  These challenges have included four petitions brought under HRPP Rule 40 — the first in 1998 (**1998 Petition**), the second in 2006 (**2006 Petition**), the third in 2018 (**2018 Petition**), and the fourth in 2021 (*i.e.*, the current 2021 Petition) — and a motion for correction of illegal sentence brought under HRPP Rule 35 (**Rule 35 Motion**) in 2000.  See Penaflor I, mem op. at 1 (1991 Direct Appeal); State v. Penaflor (Penaflor II), No. 23939, 2002 WL 31375566, at *1 (Haw. App. Oct. 21, 2002) (SDO) (Rule 35 Motion); Penaflor v. State (Penaflor III), No. 28527, 2008 WL 2503259, at *1 (Haw. App. June 24, 2008) (SDO) (referencing the 1998 Petition and the Rule 35 Motion and affirming denial of the 2006 Petition); Penaflor v. Mossman (Mossman), 141 Hawaiʻi 358, 360, 409 P.3d 762, 764 (2017) (describing the dispositions of the 1998 Petition, the Rule 35 Motion, and the 2006 Petition).  In the 1991 Direct Appeal, the supreme court affirmed the 1991 Judgment.  See Penaflor I, mem. op. at 1; Mossman, 141 Hawaiʻi at 360, 409 P.3d at 764.  To date, Penaflor has not obtained relief pursuant to HRPP Rule 40.[3/]

---

[2/]     The Honorable Boyd P. Mossman presided.

[3/]     The 1998 Petition was denied, and Penaflor did not appeal the Circuit Court's order of denial.  See Mossman, 141 Hawaiʻi at 360, 409 P.3d at 764.  The 2006 Petition was denied, Penaflor appealed, and this court affirmed

However, Penaflor did obtain certain post-conviction relief from this court in Penaflor II.  There, we affirmed the Circuit Court's denial of Penaflor's Rule 35 Motion, but noticing plain error, we reversed Penaflor's first-degree terroristic threatening conviction on Count 2, ruling that it merged with his kidnapping conviction on Count 4.  Penaflor II, 2002 WL 31375566, at *1.  On December 21, 2009, the Circuit Court held a "'resentencing' hearing" in response to this court's decision to reverse the conviction on Count 2.  State v. Penaflor (Penaflor IV), No. 30313, 2011 WL 716199, at *1 (Haw. App. Feb. 25, 2011) (SDO).  On December 22, 2009, the Circuit Court entered an Amended Judgment; Conviction and Sentence (**2009 Judgment**) that sentenced Penaflor to the same consecutive terms of imprisonment, minus the five-year term for Count 2 that this court had reversed, resulting in a total term of imprisonment of 65 years.[4/] Id.  Penaflor appealed from, and this court affirmed, the 2009 Judgment.  Id. at *2.

In the 2021 Petition, Penaflor alleged that:  (1) "[t]he Circuit Court abused its discretion by imposing consecutive sentences totaling 70 years without stating on the record the HRS § 706-606 factors that support each consecutive sentence" (emphasis omitted); (2) "[t]he Circuit Court abused its discretion when it relied on Penaflor[']s refusal to admit guilt or remorse as a factor during sentencing" (emphasis omitted); and (3) "the Circuit Court abused its discretion by sentencing Penaflor to six consecutive terms in violation of [his] Eight[h] Amendment rights under [the] United States Constitution and the Hawai[']i Constitution." (Capitalization altered; emphasis omitted.)  The Circuit Court denied the 2021 Petition on the grounds that Penaflor's claims were either previously ruled upon and/or waived.

This appeal followed.

---

the Circuit Court's order of denial.  See id. at 360-61, 409 P.3d at 764-65. The 2018 Petition was denied, Penaflor appealed, and that separate appeal is currently pending before this court in appellate case number CAAP-23-0000040.

[4/]    The Honorable Shackley F. Rafetto presided over the 2009 resentencing hearing and entered the 2009 Judgment.

## II. Discussion

On appeal, Penaflor appears to raise the following four points of error:  (1) "[HRPP] Rule 40(a)(3) does not apply to [Penaflor]"; (2) the Circuit Court abused its discretion by "impos[ing] multiple consecutive sentences without stating on the record the HRS [§] 706-606 [f]actors that support each consecutive sentence"; (3) the Circuit Court abused its discretion by "rel[ying] on [Penaflor's] refusal to admit guilt or remorse as a factor during sentencing"; and (4) the Circuit Court abused its discretion and violated Penaflor's rights under the Eighth Amendment to the United States Constitution and article I, section 12 of the Hawaiʻi Constitution "by sentencing [Penaflor] to six consecutive terms[.]"

We review a circuit court's denial of a HRPP Rule 40 petition without a hearing *de novo*, under the right/wrong standard.  See Dan v. State, 76 Hawaiʻi 423, 427, 879 P.2d 528, 532 (1994).

> As a general rule, a hearing should be held on a Rule 40 petition for post-conviction relief where the petition states a colorable claim.  To establish a colorable claim, the allegations of the petition must show that if taken as true the facts alleged would change the verdict, however, a petitioner's conclusions need not be regarded as true. Where examination of the record of the trial court proceedings indicates that the petitioner's allegations show no colorable claim, it is not error to deny the petition without a hearing.  The question on appeal of a denial of a Rule 40 petition without a hearing is whether the trial record indicates that Petitioner's application for relief made such a showing of a colorable claim as to require a hearing before the lower court.

Id. (emphasis omitted) (quoting State v. Allen, 7 Haw. App. 89, 92-93, 744 P.2d 789, 792-93 (1987)).

(1) Penaflor appears to contend that HRPP Rule 40(a)(3)[5] is inapplicable to his 2021 Petition because a claim of

_____

[5]  HRPP Rule 40(a)(3) states:

> Rule 40 proceedings shall not be available and relief thereunder shall not be granted where the issues sought to be raised have been previously ruled upon or were waived. Except for a claim of illegal sentence, an issue is waived if the petitioner knowingly and understandingly failed to raise it and it could have been raised before the trial, at the trial, on appeal, in a habeas corpus proceeding or any other proceeding actually conducted, or in a prior proceeding actually initiated under this rule, and the

illegal sentence can be brought at any time.

Penaflor is correct that "HRPP Rule 40 allows a petitioner to bring a claim of illegal sentence 'at any time' after final judgment, even if they failed to raise the illegal sentence claim in a previous petition; if the petitioner states a colorable claim, they are entitled to a hearing under HRPP Rule 40(f)." Stanley v. State, 148 Hawaiʻi 489, 502, 479 P.3d 107, 120 (2021) (brackets omitted).

That does not mean, however, that HRPP Rule 40(a)(3) does not apply to Penaflor's 2021 Petition, and it does not mean that relief under Rule 40(a)(3) is available for a claim of illegal sentence that has been previously ruled upon. See HRPP Rule 40(a)(3) (stating that "Rule 40 proceedings shall not be available and relief thereunder shall not be granted where the issues sought to be raised have been previously ruled upon or were waived" and exempting illegal sentence claims from being waived) (emphasis added).

(2) Relying on State v. Hussein, 122 Hawaiʻi 495, 229 P.3d 313 (2010), Penaflor contends that the Circuit Court abused its discretion by "impos[ing] multiple consecutive sentences without stating on the record the HRS [§] 706-606 [f]actors that support each consecutive sentence." Penaflor argues that both Judge Mossman and Judge Rafetto committed this abuse of discretion – Judge Mossman in the original sentencing hearing held on September 10, 1991, and Judge Rafetto in the resentencing hearing held on December 21, 2009.

A version of this argument has been previously ruled upon. In the 1991 Direct Appeal, Penaflor argued that "the trial court abused its discretion in imposing the six consecutive sentences based on, among other factors, its belief that the defendant had testified falsely at trial and lacked remorse for his crimes." Penaflor I, mem. op. at 1. The supreme court rejected these arguments, id. at 6-8, and further stated:

> petitioner is unable to prove the existence of extraordinary circumstances to justify the petitioner's failure to raise the issue. There is rebuttable presumption that a failure to appeal a ruling or to raise an issue is a knowing and understanding failure.

5

> As we have noted, the trial court enumerated nine factors in support of its judgment and sentence.[6] Penaflor conceded in oral argument that the seven unchallenged factors could legitimate consecutive sentences. We conclude that all nine were consistent with HRS § 706-606.

Id. at 7 n.1 (footnote added). The supreme court thus affirmed the imposition of consecutive sentences in the 1991 Judgment as consistent with HRS § 706-606. Id. at 1, 7 n.1. In other words, Penaflor's challenge to the 1991 Judgment based on HRS § 706-606 was previously ruled upon and thus properly denied by the Circuit Court under HRPP Rule 40(a)(3).

Penaflor's challenge to the 2009 Judgment based on HRS § 706-606 was also previously ruled upon. In Penaflor IV, Penaflor argued that the Circuit Court abused its discretion in resentencing him to consecutive sentences without considering any of the HRS § 706-606 factors and without giving any reasons for the consecutive sentences. 2011 WL 716199, at *1. This court ruled as follows:

> The arguments raised by Penaflor's counsel are based on the assumption that because this court reversed Penaflor's conviction on Count II in [Penaflor II], the Circuit Court was required to resentence Penaflor on the remaining counts for which he had been convicted. This assumption is wrong. . . . The effect of our reversing Penaflor's conviction on Count II was simply to remove the Count II conviction and sentence from Penaflor's Judgment. [Penaflor II] did not remand the case for resentencing or authorize resentencing, but rather affirmed the Circuit

---

[6] The supreme court recounted these factors as follows:

Before sentencing Penaflor, the trial court "commented" on several factors in explaining its lack of sympathy for Penaflor: 1) the offenses were extreme; 2) there was a weapon involved, and although the weapon was a pellet gun, it appeared to be a real handgun; 3) Penaflor used the gun as though it were real; 4) Penaflor threatened one of the victims . . . by stating that he was going to blow [his] head off; 5) Penaflor put the female victim in fear for herself and her children; 6) Penaflor committed the offenses because he wanted money, sex, and drugs; 7) Penaflor left the female victim physically and emotionally traumatized for the rest of her life; 8) the court's belief that Penaflor had exhibited no remorse regarding his conduct; and 9) the court's belief that Penaflor had lied on the witness stand. The trial court also observed that Penaflor was guilty of sexually assaulting a young, innocent girl. (Regarding this observation, Penaflor spontaneously responded by saying, "She not innocent.")

Penaflor I, mem. op. at 2.

> Court's Order denying Penaflor's HRPP Rule 35 Motion.
>
> Under these circumstances, the Circuit Court was not required to resentence Penaflor on the remaining counts and was not authorized to change Penaflor's sentence on these counts pursuant to his HRPP Rule 35 Motion. The Circuit Court could have entered an Amended Judgment that removed the conviction and sentence on Count II without holding a sentencing hearing. Accordingly, the arguments raised by Penaflor's counsel, which assume that Penaflor was entitled to be resentenced and entitled to the protections associated with sentencing, are without merit.

Penaflor IV, 2011 WL 716199, at *2. In other words, Penaflor's challenge to the 2009 Judgment based on HRS § 706-606 was previously ruled upon and thus properly denied by the Circuit Court under HRPP Rule 40(a)(3).

In any event, the sentencing rule first announced in Hussein and more recently applied in State v. Bautista, 153 Hawaiʻi 284, 535 P.3d 1029 (2023), is inapplicable here. In Bautista, the supreme court described the rule as follows:

> Courts "must state on the record at the time of sentencing the reasons for imposing a consecutive sentence." [Hussein, 122 Hawaiʻi] at 510, 229 P.3d at 328.
>
> Even if a court uses identical factors to support multiple consecutive sentences, it must "specify the basis or identify another basis for determining how many consecutive sentences to impose." [State v. ]Barrios, 139 Hawaiʻi [321,] 337, 389 P.3d [916,] 932[ (2016)]. Barrios stresses the importance of identifying the rationale for each consecutive sentence . . . . In Sandoval, this court reinforced that stringent standard, requiring courts to provide clearly articulated reasons for "each and every consecutive sentence." State v. Sandoval, 149 Hawaiʻi 221, 236, 487 P.3d 308, 323 (2021) (emphasis added).

Id. at 290-91, 535 P.3d at 1035-36.

Importantly, the Hussein rule was announced as a prospective rule only:

> [W]e now conclude, based on the reasons and circumstances set forth *supra*, that a court must state its reasons as to why a consecutive sentence rather than a concurrent one was required.
>
> . . . .
>
> Consequently, after the filing date of the judgment herein, circuit courts must state on the record at the time of sentencing the reasons for imposing a consecutive sentence.

122 Hawaiʻi at 509-10, 229 P.3d at 327-28 (emphasis added); see Barrios, 139 Hawaiʻi at 334-36, 389 P.3d at 929-31 (applying

<u>Hussein</u> and concluding that the trial court "did not adequately establish the basis for [the defendant's] sentence, . . . because it did not explain its reasoning for each consecutive sentence").

Here, Penaflor's original sentencing hearing was held on September 10, 1991, resulting in the 1991 Judgment, and the resentencing hearing was held on December 21, 2009, resulting in the 2009 Judgment. Because the relevant holding in <u>Hussein</u> applied to sentencing decisions that occurred <u>after</u> entry of the judgments at issue in this appeal, <u>Hussein</u> is inapplicable to this case. See <u>State v. Wilson</u>, No. 30284, 2010 WL 4409700, at *1 n. 2 (Haw. App. Nov. 3, 2010) (SDO) (ruling that <u>Hussein</u> was inapplicable to an appeal from a judgment filed on December 8, 2009). Accordingly, the Circuit Court did not err in denying Penaflor's claim based on HRS § 706-606 without a hearing.

(3) Penaflor contends that the Circuit Court abused its discretion "when it relied on Penaflor[']s refusal to admit guilt or remorse as a factor during sentencing." In particular, Penaflor challenges the following statement made by Judge Mossman in the 1991 sentencing hearing: "[A]nd when you have an attitude such as the prosecutor has mentioned of no remorse whatsoever, when you lie on the stand like a rug, then I got no sympathy for you." From this statement, Penaflor argues that "[c]learly the sentencing Court used the fact that appellant claimed innocence and showed no remorse by remaining silent to sentence him to consecutive terms."

Initially, we note that Penaflor has provided no support for his allegation that the Circuit Court relied on Penaflor's <u>refusal to admit guilt</u> as a basis for sentencing, and we have found none in the record. Instead, Penaflor challenges only the Circuit Court's stated belief that Penaflor showed no remorse for his conduct. This issue was previously raised and ruled upon in the 1991 Direct Appeal. Specifically, in <u>Penaflor I</u>, the supreme court noted that Penaflor did not remain silent at sentencing and concluded that "the trial court had ample basis for concluding that Penaflor lacked remorse for his offenses." <u>Penaflor I</u>, mem. Op. at 7 n.2, 7-8. The court expressly "h[e]ld that the trial court did not abuse its discretion in considering

8

its belief that Penaflor lacked remorse for his criminal actions in imposing consecutive sentences." Id. at 8. Because Penaflor's "remorse" claim was previously ruled upon, it was properly denied by the Circuit Court under HRPP Rule 40(a)(3).

(4) Penaflor contends that the Circuit Court violated his rights under the Eighth Amendment to the United States Constitution and article I, section 12 of the Hawaiʻi Constitution. In particular, Penaflor argues that the imposition of six consecutive terms totaling 70 years constituted cruel and unusual punishment.

We note that Penaflor has previously raised claims that his consecutive sentences were illegal, albeit apparently on other grounds, and that those claims have been ruled upon and rejected. For example, this court ruled in Penaflor III: "Penaflor's consecutive sentence was not illegal. HRS § 706-668.5 (1983). . . . Penaflor's claim of an illegal sentence was also ruled upon in his direct appeal in [Penaflor I] and in the denial of his HRPP Rule 35 motion, which was affirmed on appeal [in Penaflor II]." Penaflor III, 2008 WL 2503259, at *3; see Penaflor II, 2002 WL 31375566, at *1 (concluding there was no merit to Penaflor's claim that the consecutive sentences violated his due process rights).

In the 2021 Petition, Penaflor appears to have raised a new illegal sentence claim, based on the assertion that his consecutive sentences constituted cruel and unusual punishment. However, he has not stated a colorable claim on this basis. A consecutive sentence rises to the level of constitutionally cruel and unusual punishment, and is thus "disproportionate," if:

> in the light of developing concepts of decency and fairness, the prescribed punishment is so disproportionate to the conduct proscribed and is of such duration as to shock the conscience of reasonable persons or to outrage the moral sense of the community.

State v. Kahapea, 111 Hawaiʻi 267, 282, 141 P.3d 440, 455 (2006) (quoting State v. Freitas, 61 Haw. 262, 267-68, 602 P.2d 914, 920 (1979)).

Here, as the supreme court stated in Penaflor I, the trial court enumerated nine factors in support of its judgment and sentence, seven of which were unchallenged and which Penaflor

conceded could legitimate consecutive sentences.  Penaflor I, mem. op. at 7 n.1.  "The court concluded that Penaflor's sentences should be served consecutively because:  1) the nature and the circumstances of the offenses and the history and characteristics of the defendant demonstrated that the sentences should be consecutive; 2) consecutive sentences were necessary to reflect the seriousness of the offenses, to promote respect for the law, and to provide just punishment for the offenses; 3) consecutive sentences were necessary to afford adequate deterrence to criminal conduct; and 4) consecutive sentences were necessary to protect the public from further crimes."  Id. at 3.  In this context, Penaflor has failed to show how his punishment was "clearly and manifestly" cruel and unusual, State v. Solomon, 107 Hawaiʻi 117, 131, 111 P.3d 12, 26 (2005), and that his sentence was "so disproportionate to the conduct proscribed and is of such duration as to shock the conscience of reasonable persons or to outrage the moral sense of the community."  Kahapea, 111 Hawaiʻi at 282, 141 P.3d at 455.  Because Penaflor has not stated a colorable claim that his consecutive sentences constituted cruel and unusual punishment, the Circuit Court did not err in denying this claim without a hearing.

### III. Conclusion

For the reasons discussed above, we affirm the Circuit Court's Findings of Fact, Conclusions of Law, and Order Denying Petition to Vacate, Set Aside, or Correct Judgment, or to Release Petitioner From Custody, entered on October 21, 2021, and the Final Judgment, entered on November 1, 2021.

DATED:  Honolulu, Hawaiʻi, December 7, 2023.

On the briefs:

Crandall Penaflor,
Self-represented Petitioner-
Appellant.

Renee Ishikawa Delizo,
Deputy Prosecuting Attorney,
County of Maui,
for Respondent-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge