STATE OF HAWAII, Respondent-Appellee, *v.* JOHN WESLEY ALLEN, Petitioner-Appellant

NO. 11931

(SPECIAL PROCEEDINGS NO. 85-0116)

OCTOBER 28, 1987

BURNS, C.J., HEEN AND TANAKA, JJ.

OPINION OF THE COURT BY HEEN, J.

Appellant John Wesley Allen (Petitioner) appeals from the January 2, 1987 Findings of Fact, Conclusions of Law and Order (Order) denying without a hearing his Rule 40, Hawaii Rules of Penal Procedure (HRPP) (1985), petition for post-conviction relief. We affirm.

Petitioner, who is presently incarcerated on convictions for murder and rape, seeks confinement in safer quarters, and vacation of his convictions or a new trial. In a prior appeal by Petitioner, we remanded the matter by memorandum opinion to the lower court for further proceedings because the State had not been served with a copy of the petition and had not filed a response. The lack of a response and the lower court's terse denial of the petition did not provide us with a sufficient basis to determine if it was error not to afford Petitioner a hearing. On remand the State was served and responded. However, neither the response nor the State's answering brief was helpful to our review.

The petition alleges:[1]

(1) During Petitioner's pretrial detention on the charges against him, other inmates beat him and threatened to kill him unless he

---

[1] As our prior memorandum opinion noted, the petition in this case is ponderous. Moreover, it did not adhere to the form of the petition set forth in the appendix of forms of the Hawaii Rules of Penal Procedure. When asked at oral argument why he had not adhered to the recommended form, Petitioner's counsel indicated that Petitioner insisted that everything be stated in the petition as he had expressed it to counsel. Counsel merely followed Petitioner's dictates. We do not mean in any way

pleaded guilty or refrained from putting up a strong defense. The fear instilled in him by the other inmates diminished his ability to assist in his defense.[2]

(2) "Extensive inflammatory" news media coverage of the trial "probably influenced the jury."

(3) He was not afforded effective assistance of counsel because:

(a) During the course of the proceedings his case was assigned to three different deputy public defenders, which resulted in inadequate trial preparation.

(b) His trial counsel did not subpoena or present all "known" witnesses and evidence to the jury.

The lower court again denied the petition without a hearing.

In the Order the lower court found that Petitioner had not alleged facts to show how the assaults and threats "affected his physical and mental health at trial." The lower court also found that Petitioner's claims regarding inflammatory media coverage of the trial and ineffective assistance of counsel were "patently frivolous and . . . without trace of support either in the record or from other evidence submitted by him." The lower court further found that except for the ineffective assistance of counsel claim, Petitioner had waived the issues he relied on by not raising them in his direct appeal from his convictions.[3]

---

to elevate form over substance; however, the suggested petition form is designed to ensure that all the necessary and pertinent information about a petitioner's case is set forth in an orderly manner. This is not only helpful to the court considering the petition, but also assists the petitioner in putting all the information before the court. We do not condone Petitioner's counsel's approach. Counsel's function in this, as in every other case, is to control the conduct of the case for the benefit of his client and the court. Actions such as counsel's in this case render an attorney little more than a "potted plant."

We note also that Petitioner's opening brief was of very little help in explaining the petition.

[2] Petitioner does not claim that he was not legally competent to assist in his own defense. In fact two separate sanity commissions appointed by the trial court under Hawaii Revised Statutes (HRS) § 704-404 (1985) found Petitioner had the capacity to understand the proceedings against him and to assist in his own defense. The last member of the commission filed his report on October 28, 1980, and trial began on October 31, 1980.

[3] On January 20, 1981, Petitioner appealed only from the rape conviction. The supreme court affirmed the conviction in a memorandum opinion on July 28, 1982.

In this court Petitioner argues that the lower court's findings are clearly erroneous and that it abused its discretion in denying his petition without a hearing. We find no error.

I.

Rule 40(f), HRPP, is applicable here and reads, in pertinent part, as follows:

(f) Hearings. If a petition alleges facts that if proven would entitle the petitioner to relief, the court shall grant a hearing which may extend only to the issues raised in the petition or answer. However, the court may deny a hearing if the petitioner's claim is patently frivolous and is without trace of support either in the record or from other evidence submitted by the petitioner. The court may also deny a hearing on a specific question of fact when a full and fair evidentiary hearing upon that question was held at the original trial or at any later proceeding.

A rule providing for post-conviction relief requires "proceedings to determine the facts underlying a defendant's claim for relief when such facts are not otherwise available." *State v. Schrock*, 149 Ariz. 433, 441, 719 P.2d 1049, 1057 (1986) (quoting *State v. Bell*, 23 Ariz. App. 169, 171, 531 P.2d 545, 547 (1975) ). A petition for post-conviction relief is addressed to the sound discretion of the court, *State v. Schrock, supra*, and absent an affirmative showing of abuse the lower court's denial of such a petition will not be overturned on appeal. *Id*. As a general rule, a hearing should be held on a Rule 40 petition for post-conviction relief where the petition states a colorable claim. *Schrock, supra*. To establish a colorable claim, the allegations of the petition must show that if taken as true the facts alleged would change the verdict, *State v. Lemieux*, 137 Ariz. 143, 669 P.2d 121 (Ariz. Ct. App. 1983); however, a petitioner's conclusions need not be regarded as true. *Phillips v. State*, 108 Idaho 405, 700 P.2d 27 (1985). Where examination of the record of the trial court proceedings indicates that the petitioner's allegations show no colorable claim, it is not error to deny the petition without a hearing. *Widermyre v. State*, 452 P.2d 885 (Alaska 1969). The question on appeal of a denial of a Rule 40 petition without a hearing is whether the trial court record indi-

cates that Petitioner's application for relief made such a showing of a colorable claim as to require a hearing before the lower court. *Id.*

Our examination of the records in this case indicates that even if we accept Petitioner's allegations as true, they would not change the verdict. Consequently, he is not entitled to Rule 40 relief, and no hearing on his petition was necessary.

## II.

The record shows that the victim had gone to her office to do some work on the day she was murdered, which was a Sunday, as she had done on a few Sundays prior to that. Sunday was not the victim's normal work day. Petitioner was on duty as a security guard at the victim's office building on the day of the event and everyone entering the office building that day was required to seek entry through him. Petitioner allowed the victim to enter the building that morning. At approximately 1:45 o'clock p.m., Petitioner called the police and reported that one or two unidentified males had attacked him within the building and that he had heard screams. Meanwhile, the victim's parents had reported to the police that their daughter had not returned home. The police conducted a search of the building and found the victim's body in the men's room on the seventeenth floor, which was not the floor on which the victim's office was located. After the body was found, Petitioner confessed to killing the victim by mistake.

At trial Petitioner's defense was that he and the victim had been lovers but had quarreled after making love, when she became upset when he told her he was also seeing another woman. In the course of the quarrel, according to Petitioner's testimony, she attacked him, and he accidentally struck her and she hit her head on the wall and died.

According to his testimony, Petitioner and the victim were the only people who knew about their relationship. Since the victim was dead, Petitioner was the only one who could describe the details of their relationship or the incident. The only question for the jury was Petitioner's credibility and character. We do not know, and Petitioner does not allege, what he could have done to assist in preparing his defense that he did not do or was prevented from doing. Even if we assume that his mental state prevented him from

assisting in establishing his credibility by not describing to his attorney the character evidence he alleges that the attorney did not put on the record, the assumption does not assist him for the reasons discussed in section IV of this opinion. Likewise, Petitioner alleges no facts as to how his conduct or testimony at trial would have been any different than it was, or what else he could have done or testified to. At best, the petition merely alleges Petitioner might have further embellished his testimony.

## III.

Petitioner's allegation that news media coverage of his case "probably influenced the jury" is pure conjecture, and a conclusion which need not to be regarded as true. *Phillips v. State, supra.* Petitioner has pointed to nothing in or out of the record to support the allegation.

## IV.

Petitioner's allegation that he was denied effective assistance of counsel is without merit.

Petitioner failed to allege "specific errors or omissions of defense counsel reflecting counsel's lack of skill, judgment or diligence." *State v. Casipe,* 5 Haw. App. 210, 217, 686 P.2d 28, 34 (1984). Additionally, he did not allege facts showing that such "errors or omissions resulted in either the withdrawal or substantial impairment of a potentially meritorious defense." *Id.* The record fails to reveal that his counsel's assistance was not "within the range of competence demanded of attorneys in criminal cases." *State v. Kahalewai,* 54 Haw. 28, 30, 501 P.2d 977, 979 (1972).

As noted above, the only defense advanced by Petitioner was that the victim's death was accidental. His credibility was essential to that defense. Therefore, he argues that his attorney erred in not producing the character evidence he listed in his petition. However, some of the listed evidence involved matters extremely remote in time from the incident. The other evidence would have been only tangentially relevant, and, at best, would have been cumulative. Three young women testified to his good character near the time of the incident. Two of the women were his room-

mates and the third dated him on one occasion. Such testimony was far more relevant and probative of the question of his character and credibility than the evidence Petitioner alleged should have been presented.

Affirmed.

*Christopher R. Evans* for petitioner-appellant.

*Peter Van Name Esser* (*Willard J. Peterson* on the brief), Deputy Prosecuting Attorneys, City and County of Honolulu, for respondent-appellee.