**Electronically Filed
Supreme Court
SCWC-18-0000656
28-JUN-2021
07:59 AM
Dkt. 10 SO**

SCWC-18-0000656

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

---

JERRICO LINDSEY, Petitioner/Petitioner-Appellant,

vs.

STATE OF HAWAIʻI, Respondent/Respondent-Appellee.

---

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-18-0000656; S.P.P. NO. 17-1-0022; CR. NO. 1PC081000643)

SUMMARY DISPOSITION ORDER
(By: Recktenwald, C.J., Nakayama, McKenna, and Wilson, JJ., and
Circuit Judge Remigio, assigned by reason of vacancy)

**I.     INTRODUCTION**

Jerrico Lindsey was convicted of second-degree murder and several other charges in 2009.  While serving his sentence at a correctional facility in Arizona, Lindsey filed a Hawaiʻi Rules of Penal Procedure (HRPP) Rule 40 petition alleging that he received ineffective assistance of counsel at trial. Lindsey's petition was devoid of any factual allegations, stating simply that he intended to amend the petition after the court appointed an attorney for him pursuant to a concurrently-

filed motion for appointment of counsel. Seven months later, the State filed its response to Lindsey's petition; upon receiving the State's response, Lindsey moved to withdraw his petition so he could amend it to include factual allegations. However, unbeknownst to Lindsey, the Circuit Court of the First Circuit (circuit court)[1] had dismissed his petition as "patently frivolous and without a trace of support, either on the record, or from the evidence submitted[.]" The circuit court subsequently denied Lindsey's motion to withdraw the petition, and the Intermediate Court of Appeals (ICA) affirmed.

Lindsey seeks review of the ICA's decision on the ground that he was entitled to amend his petition under HRPP Rule 40(e), which states, "The court may grant leave to amend or withdraw the petition at any time. Amendment shall be freely allowed in order to achieve substantial justice. No petition shall be dismissed for want of particularity unless the petitioner is first given an opportunity to clarify the petition."

Although it is typically appropriate to deny a motion to withdraw filed after the dismissal of a Rule 40 petition, in the specific context of this case, Lindsey's motion should have been construed as a motion to reconsider, and we hold that the

---

[1] The Honorable Edwin C. Nacino presided.

2

circuit court erred in dismissing Lindsey's Rule 40 petition without first providing him an opportunity to clarify his claims.  Thus, we vacate the ICA's Summary Disposition Order (SDO) and the circuit court's order and remand to the circuit court for further proceedings.

## II.  BACKGROUND

### A.  Circuit Court Proceedings

Throughout his Rule 40 proceedings, Lindsey was incarcerated in Eloy, Arizona.  It appears that all of his filings were submitted through the prison's mail system, and he received notice of the State's response and the court's orders in the same way.

Lindsey's Rule 40 petition challenged his conviction on the ground that his counsel was constitutionally ineffective. In the space on the petition form for supporting facts, Lindsey wrote, "Facts to be developed in amended petition.  Desire review by Court Appointed Attorney to determine issues."  No other factual allegations were included in the petition.

Lindsey concurrently filed a motion for appointment of counsel.  In the motion, Lindsey stated that he was unable to afford an attorney to handle the complex issues involved in his petition, contended that his attack on his conviction would involve interviewing newly discovered witnesses and "conflicting testimony," and argued that counsel would "better enable"

Lindsey to argue his case.

The State filed a response to Lindsey's petition approximately seven months later. The State contended that the lack of factual support for Lindsey's allegations that he received ineffective assistance of counsel justified dismissal of his petition.

On May 3, 2018, ten days after the State filed its response, the circuit court dismissed Lindsey's Rule 40 petition and denied his motion for appointment of counsel.[2]

On May 4, 2018 - before Lindsey claims to have learned that the circuit court had dismissed his petition - he filed a motion to withdraw his petition without prejudice. In the motion, Lindsey stated that he was seeking to withdraw the petition so that he could "formulate . . . an [amended] petition correctly so his [amended] petition claims can be adjudicated for the relief entitled[.]"

On July 30, 2018, "in accordance [with] the Order Denying Rule 40 Petition for Post-Conviction Relief Without a Hearing previously filed on May 3, 2018," the circuit court denied Lindsey's motion to withdraw petition. Lindsey appealed.

---

[2] Although the order disposing of Lindsey's petition was titled "Order Denying Rule 40 Petition for Post-Conviction Relief Without a Hearing," the circuit court explained that the petition was "patently frivolous and without a trace of support, either on the record, or from the evidence submitted[.]" HRPP Rule 40(g)(2) states that "[t]he court may dismiss a petition at any time upon finding the petition is patently frivolous[.]" (Emphasis added.) As such, we conclude that the circuit court dismissed Lindsey's Rule 40 petition.

**B.    ICA Proceedings**

Lindsey argued that he was entitled to withdraw his petition pursuant to HRPP Rule 40(e).  He also contended that the circuit court erred by dismissing the petition "for want of particularity" without giving him "an opportunity to clarify the petition" and that the circuit court's dismissal of his petition on May 3, 2018 deprived him of the opportunity to reply to the State's Response.

In its Answering Brief, the State first contended that the ICA lacked appellate jurisdiction to review the dismissal of Lindsey's petition because Lindsey did not file his notice of appeal until more than sixty days after the circuit court dismissed his Rule 40 petition.  Further, the State argued that Lindsey's claims of ineffective assistance of counsel and newly discovered witnesses in the Rule 40 petition lacked a factual basis.

Additionally, the State argued that "Lindsey does not cite any authority that would give the circuit court the discretion to allow the withdrawal of a Rule 40 petition that is devoid of any factual allegations that would support a colorable claim for relief."

Lindsey filed a reply brief, contending that:

> Respondent's error was in claiming that Appellant was appealing the Circuit Court's denial of his Rule 40 Petition.  In fact, Appellant's "Notice of Appeal" (like his O.B.) was addressing the solitary issue of the Circuit

5

> Court's incorrect denial of his Motion to Withdraw Rule 40 Petition, which was filed on July 30, 2018, arrived at Saguaro Correctional Center on August 2, 2018, and received by Appellant on August 3, 2018.

(Emphasis added.)

In its SDO filed June 4, 2020, the ICA rejected the State's contention that it lacked appellate jurisdiction, pointing out that Lindsey appealed the denial of his motion to withdraw, not the dismissal of the petition itself. The notice of appeal of the denial of the motion to withdraw was timely.

The ICA compared the use of the words "shall" and "may" in HRPP Rule 40(e), and concluded that, while the circuit court was required to grant leave to amend, granting withdrawal was discretionary. As such, the ICA considered whether the denial of Lindsey's motion to withdraw his petition so that he could amend it was an abuse of the circuit court's discretion. The ICA additionally recognized that Lindsey "had more than seven months to request" that his petition be withdrawn, but he had only done so ten days after the State filed its answering brief, and one day after the circuit court dismissed his petition. The ICA thus affirmed the circuit court's order.

## C. Application for Writ of Certiorari

Lindsey's application for writ of certiorari contends that the ICA erred in its interpretation of HRPP Rule 40(e). Lindsey argues that he should have been permitted to withdraw his petition in order to amend it pursuant to the language of

6

the rule stating that "[a]mendment shall be freely allowed in order to achieve substantial justice."

The State did not file a response.

### III. STANDARDS OF REVIEW

**A.    Denial of Rule 40 Petition Without a Hearing**

"[A] hearing should be held on a Rule 40 petition for post-conviction relief where the petition states a colorable claim.  To establish a colorable claim, the allegations of the petition must show that if taken as true the facts alleged would change the verdict[.]"  Dan v. State, 76 Hawai'i 423, 427, 879 P.2d 528, 532 (1994) (quoting State v. Allen, 7 Haw. App. 89, 92, 744 P.2d 789, 792 (1987)).  The question of whether a Rule 40 petition establishes a colorable claim is a question of law that we review de novo.  Id.

**B.    Denial of Motion to Withdraw Rule 40 Petition**

HRPP Rule 40(e) states in relevant part, "The court may grant leave to amend or withdraw the petition at any time. Amendment shall be freely allowed in order to achieve substantial justice."  Although we have not had occasion to consider the standard of review of a court's decision denying a motion to amend or withdraw a Rule 40 petition, the language of the rule suggests that granting a motion to withdraw is a matter within the court's discretion.  Matters within the discretion of the trial court are reviewed on appeal for abuse of discretion.

7

See, e.g., Miyamoto v. Lum, 104 Hawai'i 1, 6, 84 P.3d 509, 514 (2004) (noting that ruling on a motion for a new trial is within the trial court's discretion and that ruling will not be disturbed absent a clear abuse of discretion).

## IV.  DISCUSSION

### A.  There is Typically No Error in Denying a Motion to Withdraw an HRPP Rule 40 Petition Filed After the Circuit Court Has Dismissed the Petition

Lindsey gave his motion to withdraw to prison officials for mailing one day after the circuit court dismissed his petition.  This court has recognized that the "prison mailbox rule" allows inmates' filings to be considered filed as of the date the inmate gives the filing to prison officials for mailing to the court.  Setala v. J.C. Penney Co., 97 Hawai'i 484, 486-87, 40 P.3d 886, 888-89 (2002).  Nonetheless, this rule is of no help to Lindsey because the circuit court dismissed his petition even before Lindsey handed his motion to withdraw the petition to prison officials.

This court has not previously addressed whether a "reverse" mailbox rule may offer a prisoner relief where, as here, the petitioner had not previously learned of the circuit court's order dismissing his petition prior to filing his motion to withdraw.  Even if we were to recognize such a rule, however, it would be immaterial to the outcome here because generally, delayed delivery of mail to prisoners may only toll filing

8

deadlines if the delay was <u>caused</u> by the prison. <u>See</u> <u>United States v. Fiorelli</u>, 337 F.3d 282, 289 (3d Cir. 2003) ("[O]nly delays caused by the prison warrant tolling of the filing deadlines, and to the extent that the delay represents slow mail, there is nothing that this Court can do to preserve an appellant's right to appellate review." (quotation marks, citation, and brackets omitted)); <u>United States v. Grana</u>, 864 F.2d 312, 316 (3d Cir. 1989) ("[W]e hold that in computing the timeliness of <u>pro se</u> prisoners' appeals, any <u>prison</u> delay in transmitting to the prisoner notice of the district court's final order or judgment shall be excluded from the computation of an appellant's time for taking an appeal." (emphasis added)).

The limitation on the reverse mailbox rule is both sensible and fair; a litigant who is not incarcerated and who does not use e-filing is also unlikely to learn of a court's order until notice arrives in the mail, likely several days after the order is filed. In those circumstances, the litigant would not be entitled to tolling of deadlines that began when the court entered an order. Where a person's incarceration causes additional delays in receiving notice of a court's order, beyond normal mail schedules, that person may be entitled to tolling or, as here, additional time after entry of a court's order to file a motion that would otherwise be moot. That is not the situation in Lindsey's case. Lindsey's motion was filed

the day after the court entered its order dismissing his petition. His lack of notice of the court's order cannot be attributed to prison officials. Thus, Lindsey would not benefit from a reverse mailbox rule even if we were to adopt it.

Generally speaking, it is not an abuse of discretion for a court to deny a motion to withdraw a Rule 40 petition after the petition has been dismissed. "Unless there is prejudice to the state, a movant for postconviction relief is entitled to withdraw a motion <u>before</u> it is ruled on." 39 Am. Jur. 2d <u>Habeas Corpus</u> § 168 (2021) (emphasis added). But <u>after</u> the court rules on the petition, a motion to withdraw is moot. <u>Civil Beat L. Ctr. for the Pub. Int., Inc. v. City & Cnty. of Honolulu</u>, 144 Hawai'i 466, 476, 445 P.3d 47, 57 (2019) ("A case is moot if it has lost its character as a present, live controversy of the kind that must exist if courts are to avoid advisory opinions on abstract propositions of law." (citation omitted)). After ruling on a Rule 40 petition, there remains no "present, live controversy" before the court, and the court would be unable to effectuate the requested remedy of granting leave to withdraw the petition.

**B.    The Circuit Court Erred by Dismissing Lindsey's Petition Without First Providing Lindsey an Opportunity to Clarify His Petition**

HRPP Rule 40(e) states that a petition shall not be dismissed for want of particularity unless the petitioner is

first given an opportunity to clarify the petition.  Lindsey was not provided an opportunity to clarify or amend his petition prior to the circuit court's May 3, 2018 order dismissing the petition.

1. **The motion to withdraw is best construed as a motion for reconsideration under the circumstances of this case**

"[A]n appellant's failure to file a timely notice of appeal is a jurisdictional defect [that] can neither be waived by the parties nor disregarded by the court in the exercise of judicial discretion."  Bacon v. Karlin, 68 Haw. 648, 650, 727 P.2d 1127, 1129 (1986) (quotation marks and citation omitted) (brackets in original).  Lindsey's notice of appeal states that he appeals "from the decision and order denying petitioner's motion to withdraw petition for post-conviction relief without prejudice[.]"  The notice of appeal was timely filed within 30 days of the circuit court's denial of Lindsey's motion to withdraw and was therefore timely.

Under the circumstances of this case, Lindsey's motion to withdraw should have been treated as a reconsideration motion.  Lindsey filed his motion to withdraw one day after the circuit court dismissed his petition.  Although styled as a "motion to withdraw," it specifically asked for the opportunity to "formulate . . . an [amended] petition correctly so his [amended] petition claims can be adjudicated for the relief [to

11

which he is] entitled[.]"  Lindsey's original petition likewise explained that he intended to amend the petition with the help of court-appointed counsel.  When the motion was filed, the court had already dismissed Lindsey's petition, concluding that the petition was "patently frivolous and without a trace of support, either on the record, or from the evidence submitted"; in light of this disposition, a fair reading of Lindsey's request to withdraw his petition was that Lindsey was asking the court to reconsider its decision to summarily dismiss the petition for a lack of factual support.  Thus, because Lindsey's original petition contemplated developing the facts at a later time, and the motion to withdraw specifically asked for the opportunity to reformulate his claims, Lindsey's motion should have been interpreted liberally by the circuit court as a reconsideration motion.  See Dupree v. Hiraga, 121 Hawaiʻi 297, 314, 219 P.3d 1084, 1101 (2009) ("[Filings] prepared by pro se litigants should be interpreted liberally.").

### 2. The circuit court erred by dismissing the petition without giving Lindsey an opportunity to clarify

"[A] hearing should be held on a Rule 40 petition for post-conviction relief where the petition states a colorable claim.  To establish a colorable claim, the allegations of the petition must show that if taken as true the facts alleged would change the verdict[.]"  Dan, 76 Hawaiʻi at 427, 879 P.2d at 532

(quoting Allen, 7 Haw. App. at 92, 744 P.2d at 792). Moreover, "[n]o petition shall be dismissed for want of particularity unless the petitioner is first given an opportunity to clarify the petition." HRPP Rule 40(e). "If the court considered [the petitioner's] statements unclear or lacking in detail, HRPP Rule 40(e) requires the court to give the petitioner an opportunity to clarify the petition prior to dismissing it for want of particularity." Fagaragan v. State, 132 Hawai'i 224, 236, 320 P.3d 889, 901 (2014) (footnote omitted).

Lindsey's petition was bare-bones and contained no factual allegations to support the claim of ineffective assistance of counsel, specifying only that he intended to amend it later with the help of legal counsel. Lindsey's concurrently-filed motion for appointment of counsel explained that Lindsey believed counsel would "better enable" him to prepare his case.

The State argued that Lindsey was given sufficient time to amend his petition. However, Lindsey's petition and his motion for appointment of counsel evinced Lindsey's intent to first have counsel appointed before amending his petition. It is thus reasonable to assume that Lindsey had not sought amendment during the seven months that elapsed prior to the State filing its answer to Lindsey's petition because Lindsey was waiting until the circuit court first ruled on his motion

13

for appointment of counsel.  Because Lindsey's petition expressly stated that he "desired review" by court-appointed counsel before amending the petition to contain specific facts about his claim, the State's argument that Lindsey was given a sufficient amount of time to amend is unpersuasive.[3]

The State additionally argued that Lindsey's petition "failed to allege any facts" – in other words, that the lack of particularity warranted dismissal.  And the circuit court's order dismissing the petition stated only that Lindsey's petition was frivolous and without support in the record, giving no other reasoning.  Thus, we can fairly infer that the circuit court's dismissal was for want of particularity.

Pursuant to Rule 40(e), the circuit court should have given Lindsey an opportunity to clarify the factual allegations in the petition before dismissing it.  Taking into account the circumstances of Lindsey's petition, it was error not to do so.  Lindsey had informed the court that he was waiting on the disposition of his motion for appointment of counsel before amending the petition to contain more specific facts.  Additionally, once Lindsey received the State's answer to his petition, Lindsey filed - albeit after the Court filed its order

_____

[3] Whether the circuit court would have appointed counsel pursuant to HRPP Rule 40(i) is not dispositive here; it is clear that Lindsey was waiting for the circuit court's disposition of his motion for appointment of counsel before amending his petition.

14

dismissing his petition and denying his motion for court-appointed counsel - the motion to withdraw the petition, which contended that he "need[ed] to formulate in an [amended] petition" the facts supporting his claims. It is clear that Lindsey intended to amend his petition to provide the factual basis of his claim, and the circuit court thus erred in dismissing his petition without first giving Lindsey the opportunity to do so. Accordingly, Lindsey's motion, which asked the circuit court for the opportunity to reformulate his petition to develop the facts, should have been granted.

### V.    CONCLUSION

In sum, we hold that the circuit court's May 3, 2018 order dismissing Lindsey's petition for post-conviction relief was premature. The circuit court failed to provide Lindsey with an opportunity to clarify his petition prior to its order dismissing the petition, as required by HRPP Rule 40(e). Under the circumstances of this case, the motion to withdraw, which should have been construed as a motion to reconsider the circuit court's dismissal of Lindsey's petition, should have been granted.

Accordingly, we vacate the ICA's July 7, 2020 judgment on appeal, and the circuit court's July 30, 2018 order denying petitioner's motion to withdraw petition for post-conviction relief without prejudice. We remand to the circuit court for

15

further proceedings consistent with this order.

DATED: Honolulu, Hawai'i, June 28, 2021.

Jerrico Lindsey,
petitioner pro se

Brian R. Vincent
for respondent

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Sabrina S. McKenna

/s/ Michael D. Wilson

/s/ Catherine H. Remigio

