Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000696
19-DEC-2025
10:51 AM
Dkt. 37 SO

NO. CAAP-23-0000696


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


TOAN QUACH, Petitioner-Appellant, v.
STATE OF HAWAIʻI, Respondent-Appellee


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(S.P. NO. 1CPN-23-0000017; CRIMINAL NO. 1PC071000242)


SUMMARY DISPOSITION ORDER
(By: Hiraoka, Presiding Judge, and Wadsworth, J.,
and McCullen, J., dissenting)

Petitioner-Appellant Toan Quach (**Quach**) filed a petition under Hawaiʻi Rules of Penal Procedure (**HRPP**) Rule 40 alleging that when he pled guilty to two drug offenses in 2007, he did not understand the proceedings because they were translated "in the wrong language" – Vietnamese, rather than his first language, the Chinese dialect Chaozhou.  The Circuit Court of the First Circuit[1] (**Circuit Court**) denied the petition without a hearing, concluding that Quach's ground for relief was "patently frivolous and without a trace of support in [the] record."

Quach appeals from the "Findings of Facts, Conclusions of Law and Order Denying Rule 40 Petition Without a Hearing" (**Order Denying Rule 40 Petition**) entered on October 20, 2023, by the Circuit Court.  Quach contends that the Circuit Court erred: (1) "in failing to comply with . . . HRPP Rule 40(e) by not

_____

[1]    The Honorable Clarissa Y. Malinao presided.

affording Quach an opportunity to amend his petition"; and (2) "in finding that the i[s]sues raised by Quach were frivolous and Quach 'provided no evidence' that he lacked understanding" of his guilty plea and its consequences.  (Capitalization altered.)

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve Quach's contentions as follows, and vacate and remand.

## I.  Background

On May 8, 2007, Quach pled guilty to two counts: Promoting a Dangerous Drug in the Third Degree, in violation of Hawaii Revised Statutes (**HRS**) § 712-1243, and Unlawful Use of Drug Paraphernalia, in violation of HRS § 329-43.5(a).  He was later sentenced to five years of probation, with imprisonment of one year suspended, and substance abuse and mental health treatment.

On May 16, 2023, Quach filed his "Petition to Vacate, Set Aside, or Correct Judgement or to Release Petit[i]oner from Custody" (**Rule 40 Petition** or **Petition**).  Under penalty of perjury, he alleged one ground for relief and supporting facts, as follows:

> A.      Ground one:  When I pled Guilty, I did not understand the proceedings because they were translated in the wrong language.
>
> [Supporting facts]:  I am a Chinese Vietnamese and a citizen of Viet Nam.  I grew up in Vietnam in a Chinese community speaking the Chinese dialect ChaoZhou as my first language.  Vietnamese is my second language and was not used that much.  When a [sic] pled to my charges in circuit court, there was a native Vietnamese court interpreter translating for me from English to Vietnamese and vice versa.  My attorney told me that I should plead guilty to both charges and to answer "yes" to the judge's questions when the judge questioned me.  I was very scared and I am poorly educated.  The court interpreter used Vietnamese for all legal terms used by the judge in questioning me.  Because Vietnamese is my second language, I did not understand these words.  I was too afraid to speak up and just said "yes" to the judge's questions although I did not understand what he was saying.  I did not understand that I was entitled to a Chinese interpreter or exactly what I was pleading guilty to.

On September 19, 2023, the State filed its "Answer to Petition for Post-Conviction Relief (Rule 40, HRPP), Filed May 16, 2023."  The State explained that it had requested a transcript of the May 8, 2007 plea hearing in the underlying criminal case, but the shorthand notes from which transcripts are prepared had been destroyed in accordance with the court's retention schedule.  Nevertheless, the State argued that the evidence in the record – specifically, the court minutes of the hearing on May 8, 2007, the guilty plea form signed by Quach, and the entire procedural history of the case – indicated that Quach's claim was patently frivolous and without a trace of support.

On October 20, 2023, the Circuit Court entered the Order Denying Rule 40 Petition.  The court concluded that proof of "manifest injustice" is required to set aside a guilty plea pursuant to HRPP Rule 40, and "[m]anifest injustice occurs when a defendant makes a plea involuntarily or without knowledge of the direct consequences of the plea."  The court then quoted Eli v. State, 63 Haw. 474, 477, 630 P.2d 113, 116 (1981), for the proposition that "in the absence of a silent or minimal record, the burden is on petitioner to prove by a preponderance of the evidence that his constitutional right was not voluntarily and intelligently waived."  (Brackets omitted.)  According to the court, "[Quach] has not stated any facts or provided any evidence to rebut this presumption in Ground 1" and "has also not stated any facts or provided any evidence related to the trial judge's on-the-record colloquy that would demonstrate that [Quach] did not have a full understanding of his guilty plea and its consequences."  The court concluded that "[a]fter a careful review of [the underlying criminal case] and [the Rule 40 case], . . . the ground [Quach] raised is patently frivolous and without a trace of support in either record."

On November 20, 2023, Quach filed a notice of appeal in the Circuit Court.  It appears the receiving clerk did not electronically file the notice of appeal with this court, as required by Hawaiʻi Rules of Appellate Procedure Rule 3(a).  Nevertheless, in the circumstances of this case, we consider the

notice of appeal to have been timely filed.

## II.  Discussion

We review a circuit court's denial of an HRPP Rule 40 petition without a hearing *de novo*, under the right/wrong standard.  See Dan v. State, 76 Hawaiʻi 423, 427, 879 P.2d 528, 532 (1994).

Under HRPP Rule 40(f), the circuit court must grant a hearing "[i]f a petition alleges facts that if proven would entitle the petitioner to relief . . . .  However, the court may deny a hearing if the petitioner's claim is patently frivolous and is without trace of support either in the record or from other evidence submitted by the petitioner."  The Hawaiʻi Supreme Court has further explained:

> As a general rule, a hearing should be held on a Rule 40 petition for post-conviction relief where the petition states a colorable claim.  To establish a colorable claim, the allegations of the petition must show that if taken as true the facts alleged would change the verdict [or outcome], however, a petitioner's conclusions need not be regarded as true.  Where examination of the record of the trial court proceedings indicates that the petitioner's allegations show no colorable claim, it is not error to deny the petition without a hearing.  The question on appeal of a denial of a Rule 40 petition without a hearing is whether the trial record indicates that Petitioner's application for relief made such a showing of a colorable claim as to require a hearing before the lower court.

Dan, 76 Hawaiʻi at 427, 879 P.2d at 532 (emphasis omitted) (quoting State v. Allen, 7 Haw. App. 89, 92-93, 744 P.2d 789, 792-93 (1987)).

We find Quach's second point of error dispositive.  He contends that the Circuit Court erred in concluding that his Rule 40 Petition is patently frivolous and without a trace of support in the record.  He argues that Dan was overruled by Wilton v. State, 116 Hawaiʻi 106, 170 P.3d 357 (2007), as to the proper standard for establishing a colorable claim, and he need only allege facts that, if true, "would show a *possible* impairment, not a probable impairment, of a meritorious defense."  He further argues that the Circuit Court erred in finding that Quach provided no evidence that he lacked understanding of his guilty plea and its consequences.

4

Dan – in particular, its stated standard for establishing a colorable claim under HRPP Rule 40 (quoted supra) – has not been overruled.  Indeed, the Dan standard has been repeatedly cited and relied on by the supreme court after Wilton.  See, e.g., Rapozo v. State, 150 Hawaiʻi 66, 77-78, 497 P.3d 81, 92-93 (2021); Stanley v. State, 148 Hawaiʻi 489, 500, 479 P.3d 107, 118 (2021); Lewi v. State, 145 Hawaiʻi 333, 345, 452 P.3d 330, 342 (2019).  Quach's argument appears to be based on the rule that the impairment of only a "potentially meritorious defense" is required for an ineffective assistance of counsel claim.  The reasoning in Dan does not conflict with this rule and, in any event, Quach expressly denies he is asserting an ineffective assistance of counsel claim.  Under Dan, to establish a colorable claim in this context, the allegations of the Petition must show that if taken as true, the facts alleged would change the outcome.  See Dan, 76 Hawaiʻi at 427, 879 P.2d at 532; see also State v. Delyon, No. 30365, 2011 WL 2611291, at *3 (Haw. App. June 30, 2011) (Mem. Op.) (applying this standard to the petitioner's claim that his no contest plea was not knowingly made).

We conclude that the Petition meets this standard.  Quach stated under oath that:  (1) although he is a citizen of Vietnam, his first language is the Chinese dialect Chaozhou; (2) Vietnamese is his second language, and "was not used that much" when he was growing up; (3) during his plea hearing, a native Vietnamese court interpreter translated for him from English to Vietnamese and vice versa; (4) the court interpreter used Vietnamese "for all legal terms" used by the judge in questioning him; (5) because Vietnamese is his second language, he did not understand what the judge was saying; and (6) he was poorly educated and too afraid to speak up, so he followed his lawyer's instructions to say "yes" to the judge's questions.  These are specific factual allegations, not conclusions.  Quach's factual allegations, *if taken as true*, state a colorable claim that he did not enter a knowing and intelligent guilty plea because his interpreters spoke the wrong language (Vietnamese rather than his Chinese dialect).  The record, when considered with the Petition,

does not render this claim patently frivolous and without a trace of support. Thus, the Circuit Court should have held a hearing to weigh the evidence and determine whether Quach was entitled to withdraw his plea to correct a "manifest injustice" or to obtain other appropriate relief in these circumstances. HRPP Rule 32(d); see Delyon, 2011 WL 2611291, at *3; Medeiros v. State, 2015 WL 9466006, at *2 (Haw. App. Dec. 22, 2015) (SDO).

Relying on Eli, the Circuit Court concluded, and the State contends on appeal, that Quach was required to prove by a preponderance of the evidence that he did not enter a knowing and voluntary guilty plea and that "manifest injustice" occurred. That is not the applicable standard, however, merely to obtain an evidentiary hearing under Rule 40. See supra. Where, as here, the petitioner has stated a colorable claim that they did not enter a knowing and intelligent guilty plea, Eli's preponderance of the evidence standard applies more properly at the Rule 40 evidentiary hearing stage "[i]f the record is not silent or minimal."[2] See Eason v. State, 157 Hawaiʻi 252, 272-76, 576 P.3d 765, 785-89 (2025) (applying Eli's preponderance of the evidence standard after a Rule 40 evidentiary hearing; concluding that the record was not minimal, and the petitioner's no contest plea was made voluntarily, knowingly and intelligently).

The Circuit Court also concluded that Quach "has . . . not stated any facts or provided any evidence related to the trial judge's on-the-record colloquy that would demonstrate that the Petitioner did not have a full understanding of his guilty plea and its consequences." This conclusion ignores the factual allegations in the Petition, which address this very subject and are stated under penalty of perjury. See Najera v. State, 143 Hawaiʻi 83, 91, 422 P.3d 661, 669 (App. 2018) (concluding that the petitioner stated a colorable Rule 40 claim based on the facts alleged in the petition); Medeiros, 2015 WL 9466006, at *2 (same); Delyon, 2011 WL 2611291, at *4 (same); HRPP Rule 40(f) (the circuit court may deny a hearing if the petitioner's claim "is without trace of support either in the record or from other

---

[2] There is no indication in Eli that the HRPP Rule 40 petition was dismissed without a hearing.

evidence submitted by the petitioner") (emphasis added).  In these circumstances, where Quach's allegations were sufficiently specific to state a colorable claim, he was not required to provide additional corroborating evidence merely to obtain a hearing on his claim.  That is part of the purpose of an evidentiary hearing.

The State argues that even without a transcript of the May 8, 2007 plea hearing, the court minutes of the hearing and the guilty plea form signed by Quach indicate that he knowingly and voluntarily entered his plea and had no problem with the interpreter.  The dissent makes a similar point.  The State further argues that the entire history of the case, including the court minutes of several other hearings, indicate that Quach had no problems understanding Vietnamese interpreters.  The dissent catalogues this history and reaches the same conclusion.[3]

We, too, have considered the record and both the State and the dissent's account of it.  For the reasons further explained below, however, we do not agree that Quach's Petition can be summarily disposed of without a hearing when both the record and the factually specific allegations in the Petition are considered.

---

[3]  Relying primarily on Eli and State v. Hutch, 107 Hawaiʻi 411, 417, 114 P.3d 917, 923 (2005), the dissent would first determine whether the alleged facts in a Rule 40 petition, taken as true, would entitle the petitioner to relief, and then examine the original trial record, if not silent or minimal, for support (i.e., corroborating evidence).  The dissent concludes, based primarily on the procedural history of the case and the minutes of Quach's plea hearing, that Quach's claim of language difficulty lacks even a trace of such support.

We do not read the relevant authorities as imposing this kind of corroborating evidence requirement in these circumstances.  HRPP Rule 40 states that a petition can be denied "if the claim is patently frivolous and without trace of support either in the record or from other evidence submitted by the petitioner."  (Emphasis added.)  Here, Quach's claim, if taken as true, is not patently frivolous.  See supra.  The original trial record also makes clear that Quach had difficulty understanding the proceedings in English – hence, the need for an interpreter.  Moreover, the record on appeal includes Quach's factually specific Petition, stated under penalty of perjury.  This is the equivalent of a declaration, i.e., "other evidence submitted by the petitioner" to support his claim.  Cf. Nozawa v. Operating Engineers Local Union No. 3, 142 Hawaiʻi 331, 339, 418 P.3d 1187, 1195 (2018) (noting that the civil procedure summary judgment rule "does not require a statement in an affidavit to be corroborated in order to be a qualifying affidavit" and the supreme court has never "held that an uncorroborated statement by a party to the litigation is insufficient to raise a dispute as to a material fact.").

In our view, the State and the dissent make a reasonable argument that Quach's claim of language difficulty lacks credibility based on the record of the underlying proceedings. But in these circumstances, this kind of credibility determination should be made by the Circuit Court at the hearing of the Petition under the applicable HRPP Rule 40 standards. Given the rather unique nature of Quach's allegations – *i.e.*, that he did not understand his guilty plea and its consequences because the court interpreter spoke his second language – the apparent absence in the record of any difficulties with interpreters does not conclusively disprove his claim or necessarily establish that Quach knowingly and voluntarily entered his plea. At a hearing on Quach's Petition, it will be up to the Circuit Court as the trier of fact to determine the credibility of Quach's allegations, which are taken as true in deciding whether he was entitled to a hearing, as well as any other supporting evidence he may offer. The Circuit Court will be "required to look at the entire record in order to determine whether the petitioner's claims . . . are credible and worthy of belief[,]" to determine whether the record is or is not minimal, and to impose the corresponding burden and standard of proof. Eli, 63 Haw. at 477, 630 P.2d at 116.

The dissent takes issue with the lack of specificity in the Petition's request for relief, which asks the Circuit Court to "grant all relief to which [Quach] may be entitled in this proceeding." The Circuit Court did not deny the Petition on this basis, construing it as an effort by Quash to withdraw his guilty plea. For its part, the State asserts that "[t]here is nothing unclear or confusing about the Petition" and likewise views it as "essentially trying to withdraw [Quach's] guilty plea." On remand, after conducting the required evidentiary hearing, the Circuit Court will be in a better position to determine appropriate relief in these rather unique circumstances if Quach prevails on the merits of his claim.

The State argues in the alternative that Quach has waived his rights under HRPP Rule 40(a)(3) and this court's decision in Den Van Nguyen v. State, No. CAAP-11-0000575, 2012 WL

8

4454735 (Haw. App. Sept. 26, 2012) (SDO), because he failed to timely appeal his convictions and has not shown extraordinary circumstances justifying his delay in filing the Petition. We disagree. Quach alleges that he was poorly educated and did not understand that he was entitled to a Chinese interpreter at the time of the plea hearing, and he did not know he could bring a Rule 40 petition such as this "until very recently." Taking these allegations as true, we cannot conclude that Quach "knowingly and understandingly" failed to raise the issues asserted in the Petition at an earlier time. See HRPP Rule 40(a)(3); Delyon, 2011 WL 2611291, at *5.

On this record, the Circuit Court erred in denying the Petition without a hearing. Given our disposition, we need not reach Quach's first point of error.

### III. Conclusion

For the reasons discussed above, the "Findings of Facts, Conclusions of Law and Order Denying Rule 40 Petition Without a Hearing" entered on October 20, 2023, by the Circuit Court of the First Circuit, is vacated, and the case is remanded to the Circuit Court for further proceedings consistent with this Summary Disposition Order.

DATED: Honolulu, Hawaiʻi, December 19, 2025.

On the briefs:

Earle A. Partington
for Petitioner-Appellant.

Robert T. Nakatsuji,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Respondent-Appellee.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

DISSENTING OPINION BY MCCULLEN, J.

## I.    INTRODUCTION

The circuit court determined Toan Quach's Hawaiʻi Rules of Penal Procedure (**HRPP**) Rule 40 ground for relief was patently frivolous and without a trace of support in the record.  I would hold that the circuit court was correct.

Sixteen years after pleading guilty and almost eleven years after completing his sentence of probation, Quach (represented by counsel) filed an HRPP Rule 40 petition alleging that, when he pled guilty, he "did not understand the proceedings because they were translated in the wrong language," Vietnamese instead of ChaoZhou.  After considering the entire record, as it must, the circuit court denied Quach's petition without a hearing, concluding his ground was "patently frivolous and without a trace of support in either record."[1]

In today's decision, the majority concludes the circuit court was wrong because Quach's alleged facts, if taken as true, would change the outcome, and a "credibility determination should be made by the Circuit Court at the hearing of the Petition."  Majority at 8.

I respectfully disagree.  After reviewing the trial court record, as controlling caselaw requires, I would hold

---

[1]  Case number 1PC071000242 is the 2007 criminal proceeding in which the Honorable Micheal A. Town entered the judgment of conviction, and case number 1CPN-23-0000017 is the 2023 HRPP Rule 40 proceeding in which the Honorable Clarissa Y. Malinao entered the order denying Quach's HRPP Rule 40 Petition.

that, even when taking as true Quach's factual allegations (Vietnamese was the wrong language), his claim (his plea was not voluntarily and knowingly entered) is patently frivolous and without a trace of support in the record.  Thus, an evidentiary hearing was not warranted.

## II.     DISCUSSION

### A.   Legal Framework

#### 1.   Guilty pleas

"The U.S. Constitution and the Hawaiʻi Constitution require a plea to be voluntarily and knowingly entered."  Eason v. State, 157 Hawaiʻi 252, 271, 576 P.3d 765, 784 (2025). "Hawaiʻi case law requires the circuit court make an affirmative showing by an on-the-record colloquy wherein the defendant is shown to have a full understanding of what the plea of guilty . . . connotes and its consequences."  Id. at 272, 576 P.3d at 785 (internal quotation marks omitted).  "When the record is not silent or minimal, the petitioner seeking relief under Rule 40 on the ground that the guilty plea was entered involuntarily has the burden 'to prove by a preponderance of the evidence that his constitutional right was not voluntarily and intelligently waived.'"  Id. (quoting Eli v. State, 63 Haw. 474, 477, 630 P.2d 113, 116 (1981)).

## 2. **HRPP Rule 40**

HRPP Rule 40 provides post-conviction relief from judgment or custody. HRPP Rule 40 dictates whether an evidentiary hearing is or is not required:

> If a petition alleges facts that if proven would entitle the petitioner to relief, the court shall grant a hearing which may extend only to the issues raised in the petition or answer. However, <u>the court may deny a hearing if the petitioner's claim is patently frivolous and is without trace of support either in the record or from other evidence submitted by the petitioner</u>.

HRPP Rule 40(f) (emphasis added).

Thus, in reviewing a petition for HRPP Rule 40 relief, the circuit court must hold a hearing when the alleged facts, if proven, would entitle the petitioner to relief. <u>Id.</u> In other words, a hearing should be held if the HRPP Rule 40 petition states a colorable claim. <u>Dan v. State</u>, 76 Hawaiʻi 423, 427, 879 P.2d 528, 532 (1994). "To establish a colorable claim, the allegations of the petition must show that if taken as true the facts alleged would change the verdict." <u>Id.</u>

But the circuit court need not hold a hearing if the claim is patently frivolous and without a trace of support in the record or from other evidence the petitioner submits. HRPP Rule 40(f); <u>see</u> <u>Dan</u>, 76 Hawaiʻi at 427, 879 P.2d at 532.

Key here is "[w]here examination of the <u>record of the trial court proceedings</u> indicates that the petitioner's allegations show no colorable claim, it is not error to deny the

3

petition without a hearing." Dan, 76 Hawai'i at 427, 879 P.2d at 532 (emphasis added).

"The question on appeal of a denial of a Rule 40 petition without a hearing is whether the trial record indicates that the Petitioner's application for relief made such a showing of a colorable claim as to require a hearing before the lower court." Id. (some emphases omitted). "In this regard, the appellate court steps into the trial court's position, reviews the same trial record, and redecides the issue." Barnett v. State, 91 Hawai'i 20, 26, 979 P.2d 1046, 1052 (1999) (emphasis added and brackets omitted) (quoting Dan, 76 Hawai'i at 427, 879 P.2d at 532).

Consequently, Hawai'i appellate decisions have looked to the record, or lack thereof, in determining whether or not an evidentiary hearing was required:

In Hutch v. State, the Hawai'i Supreme Court determined that the defendant's alleged facts, if taken as true, would entitle him to relief. 107 Hawai'i 411, 417, 114 P.3d 917, 923 (2005). The supreme court did not end its analysis there, however. The supreme court then determined it "must also consider the record before overturning the court's denial of the petition without a hearing." Id. The supreme court then held, "based upon Appellant's Rule 40 petition and an independent

4

examination of the record, that Appellant has made a showing of a colorable claim."  Id. at 419, 114 P.3d at 925.

In Foo v. State, although the Hawai'i Supreme Court determined that the defendant did not allege "facts" indicating the proceedings were misleading, it nonetheless examined the record and determined that "[t]he record of the court proceedings fails to support a colorable claim that he misunderstood 'the effect of his guilty plea.'"  106 Hawai'i 102, 116, 102 P.3d 346, 360 (2004) (brackets omitted).  Thus, the circuit court did not err in determining that the defendant's claim as to parole was patently frivolous.  Id.

In D'Ambrosio v. State, this court considered the lack of a record in ordering an evidentiary hearing.  112 Hawai'i 446, 466, 146 P.3d 606, 626 (App. 2006).  With a silent record, this court determined that the defendant made a colorable claim and the circuit court erred in denying that portion of his petition as being "frivolous and without a trace of support from the record."  Id.  This court then ordered an evidentiary hearing to sort things out.  Id. at 466-67, 146 P.3d at 626-27.

**3.  Summary**

In sum, Hawai'i appellate decisions appear to require a three-step analysis in determining whether an evidentiary hearing is required:

5

First, the court must determine whether the alleged facts, if taken as true, would entitle the petitioner to the relief sought.  See Dan, 76 Hawaiʻi at 427, 879 P.2d at 532.  If the alleged facts would entitle the petitioner to the relief sought, the court must continue to the second step of the analysis.

Second, the court must determine whether the record is silent or minimal.  If the record is silent or minimal, an evidentiary hearing should be held, and the burden is on the State to prove the plea was entered voluntarily and knowingly.  Eli, 63 Haw. at 477, 630 P.2d at 116.  If not, the court must continue to the third step of the analysis.

Third, where the trial court record is not silent or minimal, the court must independently examine the record.  Where the "Rule 40 petition and an independent examination of the record" shows the petition "made a showing of a colorable claim," the circuit court should hold an evidentiary hearing on the petition as to that claim.  Hutch, 107 Hawaiʻi at 419, 114 P.3d at 925.  But "[w]here examination of the record of the trial court proceedings indicates that the petitioner's allegations show no colorable claim, it is not error to deny the petition without a hearing."  Dan, 76 Hawaiʻi at 427, 879 P.2d at 532 (emphasis added).

6

B.     **Quach's Factual Allegations and Claim**

Turning to Quach's HRPP Rule 40 Petition, his sole ground for seeking relief was as follows:

"When I pled Guilty, I did not understand the proceedings because they were translated in the wrong language."

1.     **The alleged facts may warrant relief**

First, Quach's alleged facts, if proven, could entitle him to some type of relief.[2]  As factual bases to support his claim, Quach explained that ChaoZhou was his first language and Vietnamese, which was his second language, "was not used that much."  Quach asserted that the "court interpreter used Vietnamese for all legal terms used by the judge in questioning me" and "[b]ecause Vietnamese is my second language, I did not understand these words," "did not understand what [the judge] was saying," and did not understand "what I was pleading guilty

---

[2]  I note that a petition for post-conviction relief "shall . . . state the relief requested."  HRPP Rule 40(c)(1).  But Quach, through his counsel, made no effort to identify the relief he seeks as required.  In a general manner, he "requests that the Court grant all relief to which [he] may be entitled in this proceeding."

Does Quach want to withdraw his guilty plea?  Does he want another opportunity to plea with a ChaoZhou interpreter?  Does he want to go to trial?

Quach already served his sentence of probation.  Without knowing the particular relief Quach seeks, it is unclear how the allegations "if proven would entitle [him] to <u>relief</u>."  <u>See</u> HRPP Rule 40(f) (emphasis added).

In evaluating Quach's HRPP Rule 40 Petition, today's decision does not hold Quach to this requirement.

to." Quach said he was "too afraid to speak up" and his attorney told him to say "yes" to the judge's questions.

Taking these alleged facts as true, Quach may be entitled to relief. See id.

But, although the facts alleged are taken as true when determining whether a hearing should be held, the petitioner's legal conclusion drawn from those facts need not be taken as true. See id. For purposes of the present analysis, I do not take as true Quach's legal conclusion that his guilty plea was not made voluntarily and knowingly, which is the claim he is ultimately proffering.

## 2. Record is not silent or minimal

Second, the record is not silent or minimal.

Although there is no transcript of the change of plea proceeding, the record contains the detective's declaration, police report, pretrial bail report, guilty plea, filings pertaining to probation, statement of compliance, and minutes from the criminal proceedings.

Thus, unlike D'Ambrosio, we have a trial court record to review.[3]

---

[3] I do not consider the HRPP Rule 40 petition itself to be "other evidence" under HRPP Rule 40(f). And although Quach declared under penalty of perjury that his asserted facts are true and correct, the asserted facts are already taken as true for determining whether an evidentiary hearing should be held.

3. **Quach's claim is without a trace of support in the record**

Third, an independent examination of the trial court record shows that, even when taking Quach's factual allegations (Vietnamese was the wrong language) as true, his claim (his plea was not voluntarily and knowingly entered) is patently frivolous and without a trace of support in the trial court record.

a. **Examination of the record**

In February 2007, a Honolulu Police Department officer observed Quach sitting in a Chinatown alley holding a glass pipe containing a white substance. According to the police report, Quach "related that he was only packing the pipe for his friend" and "he already smoked earlier." By information, the State charged Quach with Promoting a Dangerous Drug in the Third Degree (cocaine) and Unlawful Use of Drug Paraphernalia (glass pipe).

At the first hearing, on February 15, 2007, Deputy Public Defender (**DPD**) Travis Stephens requested a Vietnamese interpreter for Quach and the case was continued.

At the second hearing, on February 22, 2007, DPD Edward Aquino appeared with Quach and Vietnamese Interpreter Tuan Jensen-Lech. Quach pled not guilty and DPD Aquino reviewed the advisements form with Quach and the interpreter.

At the third hearing, on April 12, 2007, Quach appeared with DPD Henry Ting and Vietnamese Interpreter Jensen-

Lech. There, Quach stipulated to a continuance requested by the State and waived his HRPP Rule 48 and speedy trial rights.

At the fourth hearing,[4] the May 8, 2007 Change of Plea hearing, Quach appeared with DPD Ting and Vietnamese Interpreter "Mrs. Crumpton." Quach "stated that he does understand some Eng[lish]." Quach pled guilty. The circuit court questioned Quach as to his guilty plea through the interpreter. Quach provided a factual basis for his guilty plea through the interpreter and the circuit court found that Quach "entered his guilty plea knowingly and voluntarily with the understanding of the nature of the charges and the consequences of his pleas w[ith] the assistance of the interp[reter]." (Formatting altered.) The circuit court, however, reserved ruling on the plea and ordered a presentence report.

At the fifth hearing, on May 17, 2007, Quach appeared with DPD Ting and Vietnamese Interpreter "Mrs. Crumpton." The court took judicial notice of the pretrial bail report and addressed Quach through the interpreter, granting Quach's motion for supervised release.

At the sixth hearing, on July 17, 2007, Quach appeared with DPD Ting and Vietnamese Interpreter Steve Nguyen. Quach addressed the court through the interpreter. The circuit court

---

[4] The Honorable Fa'auuga L. To'oto'o presided for Judge Town.

10

accepted Quach's guilty plea and sentenced him to a five-year term of probation.

At the seventh hearing, on October 29, 2007, DPD Ting informed the court that Quach needed a Vietnamese interpreter, and the hearing was continued.

At the eighth hearing, on November 5, 2007, Quach appeared with DPD Ting and Interpreter Tammy Lam regarding Quach's participation in the Salvation Army Addiction Treatment Program. The circuit court indicated it wanted "the probation department to particularize this case as to [Quach's] language and work needs." (Formatting altered.)

At the ninth hearing, on December 4, 2007, DPD Ting and Vietnamese Interpreter Nina Nguyen appeared, but Quach did not. DPD Ting informed the court that Quach tested positive for drugs on November 30, 2007, in violation of his probation requirements.

At the tenth hearing, on December 21, 2007, Quach appeared with DPD Ting and Vietnamese Interpreter Nina Nguyen. Quach addressed the court through the interpreter. Quach was sentenced to time served, released, and ordered to report to his probation officer.

At the eleventh and final hearing in the record, on September 11, 2008, Quach appeared with DPD Ting. The record does not reflect that an interpreter was present. Quach stipulated to the State's motion for modification of his terms

and conditions of probation.  The court conducted a colloquy with Quach.  The court granted the State's motion, sentencing Quach to time served and ordering him to report to his probation officer.

On December 27, 2012, Adult Client Services filed a Certificate of Discharge as Quach completed his term of probation.

### b.    Analysis of the record

Significantly, the record shows the circuit court expressly found that Quach "entered his guilty plea knowingly and voluntarily with the understanding of the nature of the charges and the consequences of his plea w[ith] the assistance of the interp[reter]."  (Formatting altered.)  And the record shows the court was acutely aware of Quach's language needs as the court stated during the eighth hearing that it wanted "the probation department to particularize this case as to [Quach's] language and work needs."

Over the course of eighteen months and eleven hearings, with three public defenders and five different interpreters, nothing in the record before, during, or after Quach's guilty plea contradicts the circuit court's finding that Quach's plea was knowingly and voluntarily made, and that he understood to what he was pleading, i.e., possessing cocaine and a glass pipe.

12

Importantly, the record shows that, on two occasions, Quach's counsel specifically requested a Vietnamese interpreter, not a ChaoZhou interpreter. DPD Stephens requested a Vietnamese interpreter in the first hearing and DPD Ting requested a Vietnamese interpreter in the seventh hearing. In addition, DPD Aquino reviewed the advisements form with Quach using the Vietnamese interpreter. Had there been any difficulties communicating through a Vietnamese interpreter, these deputies would have been duty-bound to inform the court. And Quach expressly states in his Opening Brief that he is not asserting that his counsel was ineffective.

Moreover, Quach's factual allegation that Vietnamese was the wrong language is isolated to when he pled guilty. He makes no similar assertion for the other hearings, where he communicated through a Vietnamese interpreter, including when he waived his right to a speedy trial (third hearing) or addressed the court at sentencing (sixth hearing).

Also, Quach fails to identify the specific legal terms or words the court used in its colloquy that he now realizes he did not understand when interpreted in Vietnamese. I note the usual guilty plea colloquy does not contain burdensome legal terms. The court typically asks about the defendant's age, schooling, ability to read and write, consumption of drugs or alcohol within forty-eight hours, treatment for mental illness, and clarity of mind. The court identifies the charges (here,

13

possessing cocaine and the glass pipe). The court asks if the defense attorney explained the charges, applicable defenses, and the proffered evidence. The court asks if the defendant understands the maximum penalties and other consequences, and that they have a right to a trial and to require the State to prove the charges beyond a reasonable doubt. And the court asks if the defendant discussed the plea with their attorney, is satisfied with their attorney, and if there are any complaints about their attorney.

The record here contains no transcripts of the actual colloquy conducted. That is because Quach waited sixteen years to challenge his guilty plea, long after the shorthand notes from which transcripts are prepared had been destroyed pursuant to the trial court's retention schedule.[5] See Den Van Nguyen v. State, 128 Hawaiʻi 311, 288 P.3d 129, No. CAAP-11-0000575, 2012 WL 4454735, at *2 (App. Sept. 26, 2012) (SDO) (explaining that the petitioner waived his right to seek relief where, among other things, he "waited until after the court reporter's records were disposed of, in conformity with the records retention schedule for circuit courts, and a transcript of his no-contest plea hearing could not be produced, to file his

---

[5] Since 1999, the circuit court's document retention policy has permitted the destruction of the court reporters' shorthand notebooks and stenographic notes used in the creation of transcripts ten years after trial, unless transcribed. Den Van Nguyen v. State, 128 Hawaiʻi 311, 288 P.3d 129, No. CAAP-11-0000575, 2012 WL 4454735, at *1 n.4 (App. Sept. 26, 2012) (SDO).

Petition" and "provide[d] no explanation, much less extraordinary circumstances, to justify his inordinate delay in raising the issues asserted in his Petition").

As already noted, the minutes from the May 8, 2007 Change of Plea hearing reflect that the circuit court expressly found Quach entered his plea knowingly and voluntarily. Nothing in the trial court record contradicts the circuit court's finding. And nothing in the trial court record supports Quach's claim that his plea was not voluntarily and knowingly entered.[6]

### III.    CONCLUSION

After reviewing the extant trial court record, including minutes of the eleven hearings over the course of eighteen months, I would hold that the circuit court was correct. Even when taking as true Quach's factual allegations (Vietnamese was the wrong language), his legal claim (his plea was not voluntarily and knowingly entered) is patently frivolous and without a trace of support in the trial court record.

Therefore, I respectfully dissent.

/s/ Sonja M.P. McCullen
Associate Judge

---

[6] Determining that there is no trace of support in the trial court record does not, as today's decision suggests, impose a "corroborating evidence requirement" when evaluating whether an evidentiary hearing must be held. Majority at 7 n.3. Instead, it complies with the requirement to review the factual allegations in the petition and independently examine the trial court record, where the record is not silent or minimal.